UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENA CRISOTOMO CARINO, ALLAN CRISTOPHER DIWA,<br><br>Plaintiffs,<br><br>v.<br><br>STANDARD PACIFIC CORP., et al.,<br><br>Defendants. | No. 2:09-cv-02005-KJM-AC<br><br>ORDER TO SHOW CAUSE |

      Plaintiffs filed their First Amended Complaint in the instant action in state court on April 3, 2009. (Defs.' Notice of Removal, Ex. 1, ECF 1-1.) Defendants removed based on federal question jurisdiction on July 20, 2009. (ECF 1.) On October 7, 2009, defendants Standard Pacific Corporation and Standard Pacific Mortgage, Inc. filed a motion to compel arbitration, which the prior assigned district court judge granted on January 15, 2010. (ECF 18.) The district judge also stayed the entirety of this case pending the parties' arbitration, even though three other named defendants, Chase, MERS, and HSBC, had no arbitration agreement with plaintiffs. (*Id.*)

      On July 7, 2013, defendants Chase, MERS, and HSBC ("non-arbitrating defendants") filed a motion to lift the arbitration stay as to them. (ECF 26.) In that motion, non-arbitrating defendants asserted that no arbitration had taken place among the other parties in the

1

more than three years since the order to compel arbitration was issued. (*Id.* at 1.) Plaintiffs did not oppose the motion, or file a notice of nonopposition.

This court, assigned to this case since January 6, 2011 (ECF 21), subsequently issued a minute order directing the parties to file a joint status report by October 4, 2013 and to appear for a status conference on October 17, 2013 (ECF 32). In the parties' joint status report filed on October 4, 2013, Standard Pacific Corporation and Standard Pacific Mortgage, Inc. ("arbitrating defendants") stated that they provided plaintiffs in 2009 with all the information plaintiffs need to pursue arbitration but plaintiffs have not done so. (ECF 33 at 5.) Plaintiffs do not contest this representation. (*Id.* at 4.)

In light of the substantial amount of time that has passed since the court ordered the case to arbitration, with no apparent progress toward scheduling arbitration, plaintiffs are ordered to show cause why this action should not be dismissed for failure to prosecute. *See Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). In addition, plaintiffs' counsel is ordered to show cause why counsel should not be sanctioned $250 for failure to prosecute. In light of the inaction of arbitrating defendants, who some time ago should have alerted the court to plaintiffs' delay and/or filed a motion to dismiss for failure to prosecute, counsel for arbitrating defendants is ordered to show cause why counsel should not be sanctioned $250.

Plaintiffs and arbitrating defendants should respond within seven days of the date of this order. Additionally, the court VACATES the status conference scheduled for October 17, 2013, pending resolution of this order to show cause.

IT IS SO ORDERED.

DATED: October 11, 2013.

_____
UNITED STATES DISTRICT JUDGE

2