UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENA CRISOTOMO CARINO; ALLAN CRISTOPHER DIWA,<br><br>Plaintiffs,<br><br>v.<br><br>STANDARD PACIFIC CORP., et al.,<br><br>Defendants. | No. 2:09-cv-02005-KJM-AC<br><br><br><br>ORDER |

This matter is before the court on a motion to dismiss brought by defendants JPMorgan Chase Bank, N.A. (Chase), Mortgage Electronic Registration Systems, Inc. (MERS), and HSBC Bank USA. (ECF 41.) The court decided the motion on the papers. For the reasons below, defendants' motion is GRANTED.

I.     BACKGROUND

Plaintiffs filed their First Amended Complaint in state court on April 3, 2009. (Defs.' Notice of Removal, Ex. 1, ECF 1-1 (FAC).) Plaintiffs bring fourteen claims related to both the issuance of mortgage loans for, and foreclosure proceedings on, their home: (1) negligence/negligence per se; (2) breach of contract; (3) breach of fiduciary duty; (4) intentional infliction of emotional distress; (5) fraud; (6) violation of federal/state lending laws; (7) deceptive advertising and other unfair business practices; (8) civil RICO; (9) injunctive relief; (10) declaratory relief; (11) rescission; (12) quiet title; (13) accounting; and (14) punitive

1

damages.  (*Id.*)  Defendants removed based on federal question jurisdiction on July 20, 2009 (ECF 1) and filed a motion to dismiss on July 24, 2009 (ECF 4).  Plaintiffs opposed on October 9, 2009.  (ECF 13.)  The previously assigned district judge stayed this case as to all defendants on January 15, 2010 (ECF 18) to enable two other defendants, SP Homes and SP Mortgage, now dismissed from this case (ECF 54), to pursue arbitration.

This court lifted the stay as to the remaining defendants, except for defendant Homecomings Services, LLC, on November 13, 2013. (ECF 39.)  Homecomings had filed a notice of automatic stay on July 30, 2012, in light of its bankruptcy filing.  (ECF 24.)  On November 15, 2013, the only active remaining defendants, HSBC, Chase, and MERS, re-noticed their July 24, 2009 motion to dismiss.  (ECF 41.)  Plaintiffs stand on their October 9, 2009 opposition.  Defendants have not replied.

II.     STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the

/////

2

1  interplay between the factual allegations of the complaint and the dispositive issues of law in the
2  action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

3  In making this context-specific evaluation, this court "must presume all factual
4  allegations of the complaint to be true and draw all reasonable inferences in favor of the
5  nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). This rule
6  does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*,
7  478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict
8  matters properly subject to judicial notice," or to material attached to or incorporated by reference
9  into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A
10 court's consideration of documents attached to a complaint or incorporated by reference or matter
11 of judicial notice will not convert a motion to dismiss into a motion for summary judgment.
12 *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

13 III.    ANALYSIS

14       A. Factual Background

15       The gravamen of plaintiffs' complaint is that defendants ensnared plaintiffs in a
16 fraudulent lending scheme through affirmative misrepresentations and material concealments
17 concerning the terms of "the loan" plaintiffs received to purchase their home that is now in
18 foreclosure. (Pls.' Opp'n to Mot. to Dismiss at 5, ECF 13 (Opp'n).) Most importantly, plaintiffs
19 allege, defendants have foreclosed on plaintiffs' home without standing to do so. (*Id.*)

20       Documents accompanying defendants' motion flesh out the facts relevant to this
21 case. Defendants request the court take judicial notice of these documents, including deeds of
22 trust and notices of default, all of which have been recorded with the Sacramento County
23 Recorder's Office. (ECF 5.) Plaintiffs do not oppose this request. The court takes judicial notice
24 of these documents under Federal Rule of Evidence 201(b) as "not subject to reasonable dispute"
25 because they can be "accurately and readily determined from sources whose accuracy cannot
26 reasonably be questioned." *See also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)
27 (matters of public record are generally subject to judicial notice); *Grant v. Aurora Loan Servs.*,
28 /////

*Inc.*, 736 F. Supp. 2d 1257, 1264 (N.D. Cal. 2010) (taking judicial notice of records of county recorder).

These documents reveal the following factual timeline, set out in defendants' motion to dismiss (ECF 4 at 1–2) and uncontroverted by plaintiffs:

- October 25, 2006: plaintiffs became grantees of their residence located at 6941 Rio Tejo Way in Elk Grove, California;
- Same day: plaintiffs obtained a mortgage loan for $544,000.00 secured by a deed of trust on their home: Family Lending Services, Inc. as lender, MERS as beneficiary, and S.P.S. Affiliates as trustee;
- Same day: plaintiffs obtained a second mortgage loan for $136,000.00 secured by a deed of trust on their home: the same parties as lender, beneficiary, and trustee;
- December 15, 2008: because plaintiffs defaulted on their first loan, a Notice of Default and Election to Sell under Deed of Trust (NOD) was recorded. Plaintiffs were $19,141.17 in arrears;
- March 19, 2009: HSBC was assigned all beneficial interest under plaintiffs' Deed of Trust for their first loan;
- Same day: Northwest Trustee Services, Inc. was substituted as trustee;
- Same day: a Notice of Trustee's Sale in connection with plaintiff's first loan was recorded; and
- April 29, 2009: a Trustee's Deed upon Sale was recorded. HSBC became the grantee of plaintiffs' home.

(Exs. 1–8, ECF 5.)

Defendant seeks to dismiss all of plaintiffs' fourteen claims because they do not state a claim for which relief can be granted. The court considers each of plaintiffs' claims in turn.

B.  Negligence/Negligence Per Se (Claim One)

Defendant Chase is the only remaining defendant against which plaintiffs bring their negligence claims. Plaintiffs allege defendant assumed a duty of care toward them by

1  "stepping outside the traditional role of lender by allowing others [] to present them as a defacto
2  investment advisor and trustworthy participant in the loan process who had Plaintiff's best
3  interest in mind." (ECF 13 at 6 (verbatim; citing FAC ¶¶ 30, 56).) Plaintiffs further allege
4  defendant did not exercise due care "in the underwriting of Plaintiffs' loans or in the enforcement
5  remedies for default" knowing this would cause plaintiffs harm. (*Id.* (citing FAC ¶¶ 45–46, 56,
6  62–72).) Finally, plaintiffs argue defendant was negligent per se by not complying with laws
7  concerning mortgage lending activities. (*Id.* (citing FAC ¶ 50).)

Chase argues as merely the servicer on plaintiffs' loans, it had no duty to plaintiffs. (ECF 4 at 3.) In fact, Chase, as a servicer only, was not involved in the loan transaction from which any duty could possibly arise. (*Id.*) Even if Chase had been involved in the loan process, Chase contends it cannot owe plaintiffs a duty as a matter of law: financial institutions do not owe a duty of care to a borrower "when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (*Id.* (quoting *Nymark v. Heart Federal Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991)).) Defendant further asserts that plaintiffs' allegations defendant was negligent per se, because it violated the Truth in Lending Act (TILA), California Civil Code section 1916.7, the Home Owner Equity Protection (HOEPA), and the Real Estate Settlement Procedures Act (RESPA), are too conclusory to be given credence. (*Id.* at 4.)

The elements of negligence are "duty, breach of duty, causation, and damages." *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).

> Liability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff or to a class of which the plaintiff is a member. A duty of care may arise through statute or by contract. Alternatively, a duty may be premised upon the general character of the activity in which the defendant engaged, the relationship between the parties or even the interdependent nature of human society. Whether a duty is owed is simply a shorthand way of phrasing what is the essential question— whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.

*J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803 (1979) (internal quotation marks and citations omitted). Criteria for determining whether a defendant owes a plaintiff a duty of care include:

"(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm." *Id.* at 804 (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)); *see also Marlene F.*, 48 Cal. 3d at 588 (quoting *Slaughter v. Legal Process & Courier Serv.*, 162 Cal. App. 3d 1236 (1984) ("'Whether a defendant owes a duty of care is a question of law.  Its existence depends upon the foreseeability of the risk and upon a weighing of policy consideration for and against imposition of liability.'")).

Plaintiffs do not plead sufficient facts to plausibly demonstrate Chase was negligent or negligent per se.  Plaintiffs do not describe how Chase, as servicer of the loan, and not the lender, could possibly owe plaintiffs a duty of care in the underwriting process.  In fact, plaintiffs' underwriting allegations do not mention Chase at all.  (*See* FAC ¶ 38.)  Nor do plaintiffs show how a loan servicer could be negligent for placing plaintiffs in a loan they could not afford.  Finally, plaintiffs do not identify which parts of federal and state mortgage lending laws defendants have allegedly violated.  (*See* FAC ¶ 77.)  Moreover, each of plaintiffs' allegations regarding negligence per se also involves the loan process, not the servicing process. (*See id.*)

Plaintiffs' negligence claim is dismissed with leave to amend, if plaintiffs are able to amend while complying with Federal Rule of Civil Procedure 11.

C.  Breach of Contract (Claim Two)

Defendant Chase is the only remaining defendant against which plaintiffs bring their breach of contract claim.  Plaintiffs allege defendant breached an unspecified contract by, among other things, not notifying plaintiffs when defendant assigned interests in plaintiffs' notes to other parties.  (ECF 13 at 11.)  Defendant retorts that no contract between Chase and plaintiffs exists.

The elements of a breach of contract claim are (1) the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) the resulting damage

to plaintiff. *Gilliland v. Chase Home Fin., LLC*, No. 2:13–cv–02042 JAM–AC, 2014 WL 325318, at *3 (E.D. Cal. Jan. 29, 2014); *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

Plaintiffs cannot prevail on this claim because they have not pled a contract exists between them and Chase. This claim is dismissed with leave to amend, if plaintiffs are able.

D.  Breach of Fiduciary Duty (Claim Three)

Defendant Chase is the only remaining defendant against which plaintiffs bring their breach of fiduciary duty claim. Plaintiffs assert defendant went outside of its traditional role as lender by participating in an unlawful predatory lending scheme. (ECF 13 at 9.) Defendant reiterates that a "debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." (ECF 4 at 3 (quoting *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989), *overruled on other grounds by Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1182 (2013)).)

Plaintiffs have not stated a viable claim for breach of fiduciary duty. As the court found above in analyzing plaintiffs' negligence claims, plaintiffs do not explain how Chase, as a servicer on plaintiffs' loan, owes plaintiffs any legal duty, especially a fiduciary duty, during the loan process. This claim is dismissed with leave to amend, if plaintiffs are able.

E.  Intentional Infliction of Emotional Distress (Claim Four)

Defendant Chase is the only remaining defendant against which plaintiffs bring their intentional infliction of emotional distress (IIED) claim. Defendant argues plaintiffs have not pled any of the elements of an IIED claim against Chase. (ECF 4 at 6.) Plaintiffs respond that the complaint demonstrates MERS, as explained in the fraud and RICO claims, engaged in activity that is extreme and outrageous. (ECF 13 at 8.)

To prevail on an IIED claim, a plaintiff must prove: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (applying California law).

Plaintiffs' IIED claim is not cognizable as plead.  The complaint does not name defendant MERS in this claim; the conduct of MERS cannot therefore serve as a basis for it.  Nor does the complaint contain any allegations suggesting defendant Chase engaged in extreme and outrageous conduct that actually and proximately caused plaintiffs any injury.  This claim is dismissed with leave to amend, if plaintiffs can properly amend.

F.  Fraud (Claim Five)

Defendant Chase is the only remaining defendant against which plaintiffs bring their fraud claim.  Defendant contends plaintiffs have not met the heightened pleading standards for fraud.  (ECF 4 at 8.)  Plaintiffs counter that the complaint alleges defendant, through its agents, misled plaintiffs about the potential for refinancing the loans, among other things.  (ECF 13 at 7 (citing FAC ¶¶ 29–32, 56, 97–102).)  Therefore, defendant is liable for actual fraud, actionable fraud, and common law fraud.  (*Id.* at 10 (citing CAL. CIVIL CODE §§ 1572, 1710).)

In California, a claim of fraud has five elements: (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the plaintiff suffered resulting damages.  *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

When pleading fraud, Federal Rule of Civil Procedure 9(b) requires "more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  The purpose of Rule 9(b)'s heightened pleading standard is to "give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so they can defend against the charge and not just deny that they have done nothing wrong."  *Id.* (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted).  When suing multiple defendants, a plaintiff must "at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'"  *Id.* at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

8

Plaintiffs' general fraud allegations do not plead fraud with sufficient particularity. Plaintiffs do not describe who at Chase said what, nor when and where that person said it. This claim is dismissed without prejudice as well.

G. Violations of Federal/State Lending Laws (Claim Six)

Defendant Chase is the only remaining defendant against which plaintiffs bring this claim. Plaintiffs allege defendant violated California Civil Code section 1916.7, TILA, HOEPA, RESPA, and their associated regulations. (FAC ¶ 105.) Plaintiffs do not explicitly oppose defendant's motion to dismiss this claim. However, when discussing their negligence claim, plaintiffs assert in a conclusory manner that defendant's "failure to provide all required disclosures under TILA/RESPA constitute facial violations of those statutes." (ECF 13 at 13.)

This claim does not survive for the same reasons plaintiffs' per se negligence claim, premised upon these statutes, does not survive. Plaintiffs do not identify which parts of these federal and state mortgage lending laws defendant allegedly violated, and each of plaintiffs' allegations regarding violations of these statutes appears to involve the loan process, not the servicing process in which defendant Chase was involved. (*See* FAC ¶ 77.) This claim is dismissed without prejudice.

H. Deceptive Advertising and Other Unfair Business Practices (Claim Seven)

Defendant Chase is the only remaining defendant against which plaintiffs bring this claim. Plaintiffs allege defendant violated California Business and Professions Code sections 17200 (unfair competition) and 17500 (false advertising) as well as 15 U.S.C. § 45 (deceptive practices). (FAC ¶ 108.) Defendant argues plaintiffs' allegations are too conclusory to be considered plausible. (ECF 4 at 11–12.)

California's Unfair Competition Law (UCL) prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. An act violates the UCL if it is "unlawful," "unfair" or "fraudulent." *Rubio v. Capitol One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010). "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as

/////

unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L. A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

Under California's False Advertising Law, a party may not disseminate a communication that is "untrue, misleading, and which is known, or which by the exercise of reasonable care should be known to be untrue and misleading." CAL. BUS. & PROF. CODE § 17500. This statute has been broadly construed to include statements that are true but that have the likelihood of misleading the general public. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002). Generally, whether a practice is deceptive or misleading "must be judged by the effect it would have on the reasonable consumer." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012). "'Whether consumers have been or will be misled is a factual question that cannot be resolved on a motion to dismiss.'" *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1124 (E.D. Cal. 2009) (quoting *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998)).

Plaintiffs provide no facts illustrating how defendant violated these statutes. The entirety of plaintiffs' allegations under this claim are that the manner in which defendant carried on its business practices constitutes deceptive advertising and unfair and unlawful business practices. (FAC ¶ 108.) Plaintiffs' opposition does not identify any specific facts pled to support this claim. Nor does the court find a predicate violation of law to sustain a claim under the UCL's "unlawful" prong. As such, this claim is not adequately pled and is dismissed without prejudice.

I. Civil RICO (Claim Eight)

Defendants Chase and HSBC are the only remaining defendants against which plaintiffs bring this claim. Plaintiffs allege these two defendants aided and abetted the predatory lending scheme accomplished by dismissed defendants SP Home and SP Mortgage. (FAC ¶ 114.) Defendants argue plaintiffs do not plead all the elements of a RICO claim, particularly the existence of an "enterprise," which is a "system of authority that guide[s] the operation of the alleged enterprise." (ECF 4 at 14 (quoting *Chang v. Chen*, 80 F.3d 1293, 1300 (9th Cir. 1996) *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc).)

1       Under 18 U.S.C. § 1962(c), it is unlawful "for any person employed by or
2  associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct
3  of such enterprise's affairs through a pattern of racketeering activity."  "Racketeering activity" is
4  defined as any one of certain "generically specified criminal acts as well as the commission of
5  one of a number of listed predicate offenses."  *Sosa v. Directv, Inc.*, 437 F.3d 923, 939 (9th Cir.
6  2006).

7       Although section 1962 defines a crime, a plaintiff may seek civil remedies for
8  RICO violations if he has been "injured in his business or property by reason of a violation of
9  section 1962 . . . ."  18 U.S.C. § 1964(c).  The elements of a RICO claim are "(1) conduct; (2) of
10 an enterprise; (3) through a pattern (4) of racketeering activities (known as 'predicate acts');
11 (5) causing injury to the plaintiff's 'business or property.'"  *Grimmett v. Brown*, 75 F.3d 506, 510
12 (9th Cir. 1996).

13      In addition, under sections 1962(d) and 1964(c), a person may be civilly liable if
14 he conspired to violate any of the subsections of section 1962.  *Beck v. Prupis*, 529 U.S. 494, 500
15 (2000).  A RICO conspiracy presupposes the existence of a substantive violation of RICO, but a
16 conspirator may be liable even if he does not commit or agree to commit "the two or more
17 predicate acts requisite to the underlying offense."  *Salinas v. United States*, 522 U.S. 52, 65
18 (1997); *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

19      Defendants' argument, relying on *Chang*, 80 F.3d at 1300, that plaintiffs' RICO
20 claim should be dismissed because plaintiffs do not plead the existence of a separate "enterprise"
21 is unavailing.  *Chang* was overruled on the very ground that it required this additional pleading.
22 *Odom v. Microsoft Corp.*, 486 F.3d 541, 550-51 (9th Cir. 2007) (en banc).

23      Plaintiffs' RICO claim is not viable, however, because plaintiffs do not adequately
24 plead defendants engaged in predicate acts of racketeering.  Plaintiffs argue the allegations in
25 their fraud claim serve as the "basic violations of criminal law."  (ECF 13 at 7.)  However, the
26 court has already found that plaintiffs have not pled a plausible fraud claim.  Moreover, plaintiffs
27 do not plead specific facts demonstrating how defendants Chase and HSBC were involved in any
28 predicate acts.  This claim is dismissed without prejudice.

1       J.   Injunctive Relief (Claim Nine)

2              Plaintiffs cannot succeed on a claim of injunctive relief.  "Injunctive relief is a
3 remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive
4 relief may be granted."  *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942).  Plaintiffs'
5 claim for injunctive relief is not viable as a claim but may be restated in the prayer for relief if
6 appropriate.  This claim is dismissed with prejudice.

7       K.   Declaratory Relief (Claim Ten)

8              Plaintiffs seek declaratory judgment on, among other things, whether defendants
9 have standing to foreclose on plaintiffs' home.  (FAC ¶ 124; ECF 13 at 8.)  Defendants argue
10 plaintiffs are not entitled to declaratory judgment because plaintiffs have not pled the existence of
11 some relationship, contractual or otherwise, giving rise to rights or duties between the parties.
12 (ECF 4 at 15.)  Additionally, defendants urge declaratory relief is prospective and cannot be used
13 to resolve past wrongs, such as a foreclosure that has already occurred.  (*See id.*)

14             Plaintiffs may not maintain their claim for declaratory judgment.  Under 28 U.S.C.
15 § 2201, declaratory relief operates prospectively because it is intended to "relieve potential
16 defendants from the Damoclean threat of impending litigation which a harassing adversary might
17 brandish, while initiating suit at his leisure or never."  *Societe de Conditionnement en Aluminium*
18 *v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981) (quoting *Japan Gas Lighter Assoc.*
19 *v. Ronson Corp.*, 257 F. Supp. 219, 237 (D.N.J. 1966)) ("'In effect, it brings to the present a
20 litigable controversy, which otherwise might only by [sic] tried in the future.'").  In the present
21 case, defendants have already foreclosed on plaintiffs' home.  Plaintiffs have not identified any
22 controversy between the parties that has not already been made concrete and that cannot be
23 reduced to another cause of action, such as breach of contract or negligence.  In other words, this
24 court cannot save plaintiffs from Damocles' sword; the thread supporting it already has snapped.

25             This claim is dismissed with prejudice.

26      L.   Rescission (Claim Eleven)

27             Plaintiffs seek rescission, under California Civil Code sections 1689, 1691 and
28 1692, of the first and second promissory notes and deeds of trust related to the loans they received

1  to purchase their home. (FAC ¶¶ 128–129.) Defendants argue, among other things, that even if
2  plaintiffs had a right to rescind their loans, that right is barred because plaintiffs are in default.
3  (ECF 4 at 18 (citing *Joshua Tree Townsite Co. v. Joshua Tree Land Co.*, 100 Cal. App. 2d 590,
4  596 (1951)).) Plaintiffs counter they may, as a matter of law, seek rescission once they cure their
5  default. (ECF 13 at 15.)

6  Plaintiffs' claim for rescission is not viable. Defendants correctly note that a party
7  in default cannot seek rescission. *Joshua Tree*, 100 Cal. App. 2d at 596. Plaintiffs concede they
8  are in default and do not allege they have the ability to pay the amount for which they are in
9  default. This claim is dismissed without prejudice.

10  M. Quiet Title (Claim Twelve)

11  Plaintiffs seek to quiet title against all defendants. (FAC ¶ 131.) Defendants argue
12  plaintiffs may not bring a quiet title action because they do not allege the necessary elements.
13  (ECF 4 at 18–19.)

14  The elements of a quiet title cause of action are: (1) a legal description of the
15  property and its street address or common designation; (2) the title of the plaintiff and the basis of
16  the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the
17  determination is sought; and (5) a prayer for the determination of the title of the plaintiff against
18  the adverse claims. CAL. CODE CIV. P. § 761.020.

19  Plaintiffs' claim, given the undisputed facts in this case, cannot be maintained. It
20  is undisputed that defendant HSBC, after foreclosure, is the sole holder of title to the home.
21  (Ex. 8, ECF 5.) This fact forecloses plaintiffs from pleading elements two and three: element
22  two, because plaintiffs cannot credibly allege an interest in the home when the foreclosure sale
23  extinguished any interest they had in it; and element three, because no other defendant makes an
24  adverse claim to title. Even if plaintiffs could show they have an interest in the home, they have
25  not alleged the ability to tender its full price. *Urbano v. Bank of Am., N.A.*, 1:12-CV-00464 AWI,
26  2013 WL 359655, at *9 (E.D. Cal. Jan. 29, 2013) (quoting *Shimpones v. Stickney,* 219 Cal. 637,
27  639 (1934)) ("'It is settled in California that a mortgagor cannot quiet his title against the
28  mortgagee without paying the debt secured.'"); *cf. Sears v. Bank of Am., N.A.*, No. 2:13–cv–

01664–KJM–AC, 2013 WL 6199197, at *2 (E.D. Cal. Nov. 27, 2013) (tender is required when a foreclosure sale has occurred and the plaintiff alleges irregularities in the foreclosure process).

The court declines to give plaintiffs leave to amend this claim because, given the undisputed facts in this case, amendment would be futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend need not be granted where it would be futile). This claim is dismissed with prejudice.

### N. Accounting (Claim Thirteen)

Plaintiffs assert they cannot determine how much they owe whom without an accounting. (FAC ¶ 136.) Defendants argue plaintiffs cannot seek an accounting because no fiduciary relationship exists between the parties and because plaintiffs have not alleged any defendant owes plaintiffs money. (ECF 4 at 20.)

"An accounting cause of action is equitable and may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Canales v. Fed. Home Loan Mortg. Corp.*, No. CV 11-2819 PSG VBKX, 2011 WL 3320478, at *8 (C.D. Cal. Aug. 1, 2011) (citing *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 14 (1977)). To state a claim for accounting, a plaintiff "need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." *Id.* (internal quotation marks and citation omitted).

Plaintiffs may not maintain their claim for accounting. Plaintiffs have not pled any balance is due them. Furthermore, plaintiffs have not shown why this case is so complicated that an ordinary legal action demanding a fixed sum is impracticable. This claim is dismissed without prejudice.

### O. Punitive Damages (Claim Fourteen)

Plaintiffs seek punitive damages against all defendants because, they say, defendants' conduct was "despicable," "carried on with malice, fraud and oppression" and "in conscious disregard for the rights" of plaintiffs and others. (FAC ¶ 138.)

/////

/////

Punitive damages are a remedy, not a cause of action.  Plaintiffs' claim for these damages therefore is not viable as a claim but may be restated in the prayer for relief if appropriate.  This claim is dismissed with prejudice.

IV.     CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion to dismiss.  Plaintiffs may amend all claims, except those for injunctive and declaratory relief and punitive damages, if they can do so consonant with Federal Rule of Civil Procedure 11.  Plaintiffs shall file an amended complaint no later than twenty-one days from the date of this order.

IT IS SO ORDERED.

DATED: April 9, 2014.

_____
UNITED STATES DISTRICT JUDGE